IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

FELICIA GRADY, individually; and
FELICIA GRADY on behalf of DETRICK GRADY,
Deceased; FELICIA GRADY, on behalf of three
minor children of DETRICK GRADY, Deceased,

    PLAINTIFFS,

vs.                                       NO. _____
                                                  JURY DEMANDED

MADISON COUNTY, TENNESSEE, A Municipal Corporation;
MADISON COUNTY SHERIFF'S OFFICE;
SHERIFF JOHN R. MEHR, In His Official Capacity;
JOHN DOE 1, Sheriff's Deputy/Jailer of Madison
County Sheriff's Department;
JOHN DOE 2, Sheriff's Deputy/Jailer of Madison
County Sheriff's Department;
JOHN DOE 3, Sheriff's Deputy/Jailer of Madison
County Sheriff's Department;

    DEFENDANTS.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

COME NOW, Plaintiffs FELICIA GRADY, individually; and FELICIA GRADY on behalf of DETRICK GRADY, Deceased; FELICIA GRADY, on behalf of three minor children of DETRICK GRADY, Deceased (hereinafter referred to collectively as "Plaintiff") by and through undersigned counsels Matthew V. Porter and John B. Bartels, and files this Complaint against Defendants, MADISON COUNTY, TENNESSEE (Madison County), A Municipal Corporation; MADISON COUNTY SHERIFF'S OFFICE; SHERIFF JOHN R. MEHR, (Sheriff) In His Official Capacity; JOHN DOE 1, ("Doe 1") Sheriff's Deputy/Jailer of Madison County Sheriff's Department; JOHN

DOE 2, ("Doe 2") Sheriff's Deputy/Jailer of Madison County Sheriff's Department; JOHN DOE 3, ("Doe 3") Sheriff's Deputy/Jailer of Madison County Sheriff's Department; individually and collectively and in their capacities as agents and employees of Madison County and Madison County Sheriff's Department (collectively referred to as "Defendants"). In Support of their Complaint, Plaintiffs respectfully state and would show unto the Court as follows:

## PARTIES

1. That Defendant Madison County, Tennessee (hereinafter referred to as "Madison County") is a municipality duly organized and existing under the virtue of the laws of the State of Tennessee.

2. That Defendant Madison County Sheriff's Office is a municipal organization duly organized and existing under and by virtue of the laws of the State of Tennessee.

3. Detrick Grady (hereinafter referred to as "Mr. Grady") was a 39 year old male citizen of Madison County, State of Tennessee when he died on August 4, 2018 in Madison County, Tennessee, while in police custody at Jackson General Hospital.

4. Felicia Grady is the mother of Detrick Grady and, is an adult citizen and resident of Jackson, Madison County, Tennessee.

5. Defendant Madison County Sheriff's Deputies John Doe 1 (hereinafter referred to as "Doe 1"), John Doe (hereinafter referred to as "Doe 2"), and John Doe 3 (hereinafter referred to as "Doe 3") are the Madison County Sheriff's Deputies/Jailers who were acting and working under color of law for Madison County and/or Madison County Sheriff's Office when he/they violated the civil rights of Mr. Grady and tased Mr. Grady; and used unreasonable, excessive force causing injury and death to Mr. Grady. Based on

Knowledge, information, and belief, they are adult citizens and residents of Madison County, Tennessee. They are being sued in their individual and official capacities as Sheriff's Deputies/Jailers John Does 1, 2 and 3.

6. Defendant Madison County Sheriff John R. Mehr (hereinafter referred to as "The Sheriff") is the current Sheriff of the Madison County Sheriff's Office.

## JURISDICTION

7. This action is brought pursuant to the common law of Tennessee for wrongful death and 42 U.S.C § 1983 for violation of the Fourth Amendment to the United States Constitution, for acts and omissions that occurred in Madison County, Tennessee.

8. Venue is properly situated in Shelby County pursuant to 28 U.S.C § 1331 and 1343.

9. This Court has supplemental jurisdiction over Plaintiff's state law Wrongful Death claim under 28 U.S.C Sec. 1367 and original jurisdiction over Plaintiff's claims of violations of federal Constitutional Rights under 28 U.S.C Sec. 1391(b) in that one or more defendants reside in the Western District of Tennessee and Plaintiffs' claims for relief arose in the district.

## FACTS

10. Based on information and belief, on July 31, 2018, the son of Plaintiff Felicia Grady, Decedent Detrick Grady ("Mr. Grady") was arrested for assault at approximately 11:22 p.m. on July 30, 2018.  Mr. Grady was booked and processed and made a court appearance for his charges on the morning of July 31, 2018.   After his court appearance he was taken by to the jail where he was being held.  At that time, he was confronted by John Doe 1 and/or John Doe 2 and/or John Doe 3, Sheriff Deputies/Jailers with the

Madison County Sheriff's Office. After being confronted, Mr. Grady, who was unarmed, and in direct custody was tased and restrained, while in custody of John Does 1, 2 and 3. Defendants John Does 1, 2 and 3 used excessive, unreasonable force and also took other unreasonable and unnecessary actions which caused substantial injuries and death to Mr. Grady. John Does 1, 2 and 3 acted recklessly because he/they acted with knowing, wanton, and gross disregard for the safety and welfare of Detrick Grady when he/they tased Mr. Grady, and restrained him unnecessarily, causing other injuries and death to Mr. Grady, when Mr. Grady was unarmed and posed no imminent treat to John Does 1, 2 and 3, said actions resulted in John Does 1, 2 and 3 tasing, causing injury to and ultimately causing death to Mr. Grady.

11. Madison County, Tennessee and the Madison County Sheriff's Office, Tennessee are the government entities which trained and supervised the Madison County Sheriff's Deputies/Jailers. At all pertinent times, Madison County was a municipal corporation within and a political subdivision of the State of Tennessee. As a local government, Madison County is suable under 42 U.S.C Sec. 1983 and employed Defendant Deputies/Jailers John Does 1, 2 and 3 at the Madison County Sheriff's Office. Madison County and Madison County Sheriff's Office are responsible for the tortious acts of the officers as well as the unconstitutional policies and practices which resulted in the unlawful death of Mr. Grady.

12. At all times during John Does 1, 2 and 3's encounter with Mr. Grady and all times relative to this Complaint, John Does 1, 2 and 3 were law enforcement officers working and acting under color of law for the Madison County Sheriff's Office. They are being

sued in their individual and official capacity for using excessive force which caused the wrongful death of Mr. Grady. Madison County and Madison County Sheriff's Office are being sued because they are vicariously liable for all tortious acts and omissions of Defendants John Does 1, 2 and 3 committed within the course and scope of their employment, as the employed of Defendants John Does 1, 2 and 3.

13. Upon information and belief, at all pertinent to this Complaint , Defendants John Does 1, 2 and 3 were acting pursuant to Madison County's laws, customs, and/or policies, resulting in the wrongful death of Mr. Grady.

14. Upon information and belief, at all pertinent times, Defendants Madison County and Madison County Sheriff's Office's law, customs, and/or policies resulted in the wrongful death of Mr. Grady.

15. As the employer of Defendants John Does 1, 2 and 3, Defendant Madison County and Madison County Sheriff's Office are vicariously liable for all tortious acts and omissions of Defendants John Does 1, 2 and 3 committed within the course and scope of their employment.

16. Defendants John Does 1, 2 and 3 are entities or individuals whose exact identities are not known at this time to Plaintiffs. At all times pertinent to this Complaint, John Does 1, 2 and 3 were employees, agents, or employees of Madison County. At all pertinent times, Defendants John Does 1, 2 and 3 were acting under the color of law and are sued in their official and individual capacities. At such times as the identity of John Does 1, 2 and 3 are made known to Plaintiffs, Plaintiffs will substitute the real party in interest for the named John Does 1, 2 and 3.

17. At all pertinent times, The Madison County Sheriff's Office had a custom or policy in place that enabled its agent and employees to act with deliberate indifference to the constitutional rights of individual citizens. The Madison County Sheriff's Office encouraged agent and employee misconduct by failing to adequately and properly supervise, discipline, or train its agent and employees and by manifesting deliberate indifference.

## COUNTS I AND II- NEGLIGENCE AND NEGLIGENCE PER SE

18. Plaintiff incorporates paragraphs 1-17 set out above as if plead in their entirety herein.

19. Based on information and belief, On July 31, 2018, the son of Plaintiff Felicia Grady, Decedent Detrick Grady ("Mr. Grady") was confronted by John Doe 1 and/or John Doe 2 and/or John Doe 3, Sheriff Deputies/Jailers with the Madison County Sheriff's Office. After being confronted, Mr. Grady, who was unarmed, and in direct custody was tased and restrained, while in custody of John Does 1, 2 and 3. Defendants John Does 1, 2 and 3 used excessive, unreasonable force and also took other unreasonable and unnecessary actions which caused substantial injuries and death to Mr. Grady. John Does 1, 2 and 3 acted recklessly because he/they acted with knowing, wanton, and gross disregard for the safety and welfare of Detrick Grady when he/they tased Mr. Grady, and restrained him unnecessarily, causing other injuries and death to Mr. Grady, when Mr. Grady was unarmed and posed no imminent treat to John Does 1, 2 and 3, said actions resulted in John Does 1, 2 and 3 tasing, causing injury to and ultimately causing death to Mr. Grady.

20. Based on information and belief, after John Doe(s) tased and restrained Mr. Grady, John Doe(s) 1, 2 and 3 failed to seek immediate medical attention for Mr. Grady.

21. Mr. Grady was transported to the hospital by ambulance in critical condition due to the injuries caused as a result of the Defendants actions and later was pronounced dead on August 4, 2018 as a result thereof. The care and treatment required of Decedent resulted in Decedent incurring significant medical expenses as a direct and proximate result of the negligent, reckless, wanton, and unlawful conduct of the Defendants, which resulted in the injury and later the death of Decedent. The Decedent suffered great pain and discomfort as a result of the injuries he sustained from the restraining and tasing inflicted by Defendants John Does 1, 2 and 3.

22. Defendants owed a duty to Decedent to keep him safe, free from harm, and free from the conduct exhibited by John Does 1, 2 and 3 that resulted in his death.

23. Defendants John Does 1, 2 and 3 owed a duty to Decedent to keep him free from harm to protect his constitutional rights. Defendants John Does 1, 2 and 3 also owed a duty to keep reasonable care, and that actions as exhibited by Defendants would likely lead to the injury or death of Mr. Grady.

24. Defendants John Does 1, 2 and 3 breached their duty to Decedent when they wrongfully and unreasonably injured and tased him.

25. Mr. Grady suffered injuries and later death as a result of the actions and inactions of Defendants John Does 1, 2 and 3.

26. Defendants' John Does 1, 2 and 3 breach of their duty and negligent conduct was a direct cause and proximate cause of the injuries suffered by Mr. Grady and the resulting death of Mr. Grady.

27. The negligent, reckless, wanton, and unlawful actions or inactions of Defendants John Does 1, 2 and 3 were a direct cause and proximate cause of the injuries to and death of Mr. Grady.

28. In addition to ordinary negligence, John Does 1, 2 and 3 are also guilty of negligence per se violation of a statute. They are guilty of reckless homicide pursuant to T.C.A. §39-13-212.

29. Due to John Does 1, 2 and 3's negligence per se and reckless conduct, which led to injury and death of Mr. Grady, Plaintiffs should be awarded punitive damages in addition to compensatory damages.

30. Defendants Madison County, John R. Mehr ("Sheriff Mehr"), and Madison County Sheriff's Office, as well as their agents and employees, failed to properly hire, train, supervise, and discipline its and their deputies, including Defendants John Does 1, 2 and 3.

31. The City, Sheriff Mehr, and Madison County Sheriff's Office failed to properly educate its and their deputies in standard and proper police procedures, including, but not limited to, the us of reasonable and necessary force during detainment and/or confrontation with individuals and the protection of an individual's/arrestee/detainee's Civil and Constitutional rights as guaranteed by law and the United Stated Constitution.

32. The use of reasonable, unnecessary, and excessive force against Detrick Grady and the violation of his Civil and Constitutional rights, as well as the resulting physical injuries to Detrick Grady's person and his death, were the direct and proximate result of the negligence of the Madison County, Madison County Sheriff's Office, and Sheriff Mehr in training, supervising, and disciplining its and their police officers.

### COUNT III: RECKLESS CONDUCT

33. Plaintiffs incorporate paragraphs 1-32 as if stated verbatim herein.

34. John Does 1, 2 and 3 acted recklessly because he/they acted with knowing, wanton, and gross disregard for the safety and welfare of Detrick Grady when he/they tased Mr. Grady and restrained him causing injuries to Mr. Grady, when Mr. Grady was unarmed and in the Defendant's direct custody and posed no imminent threat to John Does 1, 2 and 3, said actions resulted in John Does 1, 2 and 3 causing injury to and ultimately causing death to Mr. Grady.

35. Due to John Does 1, 2 and 3's reckless conduct, which led to injury and death of Detrick Grady, Plaintiffs should be awarded punitive damages in addition to compensatory damages.

36. Detrick Grady suffered injury and ultimately death as a result of the negligent, reckless, wanton actions or inactions of John Does 1, 2 and 3.

37. The breach of duty by John Does 1, 2 and 3 was a direct and proximate cause of the injury and death of Detrick Grady.

### COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiffs incorporate paragraphs 1-37 as if stated verbatim herein.

39. Plaintiff Felicia Grady has suffered emotional distress as a result of the actions of John Does 1, 2 and 3 (collectively "the Does") in causing injury to, and killing her son Detrick Grady, but also as a result of the actions of Defendants after the death of Detrick Grady.

40. The three minor children of Detrick Grady have suffered emotional distress as a result of the actions of John Does 1, 2 and 3 (collectively "the Does") in causing injury to, and killing their father, Detrick Grady, but also as a result of the actions of Defendants after the death of Detrick Grady.

41. Based on information and belief, after John Does 1, 2 and 3's negligent and reckless actions or inactions resulted in the tasing and injury of Detrick Grady("Mr. Grady"), John Does 1, 2 and 3 failed to pursue immediate medical attention for Mr. Grady.

## COUNT V: VIOLATION OF 42 U.S.C SECTION 1983 BY ALL DEFENDANTS

42. The facts set forth in paragraph 1 -41 are herein incorporated be reference as if stated herein verbatim.

43. John Does 1, 2 and 3 acted willfully, deliberately, maliciously, and with reckless disregard for Detrick Grady's clearly established civil rights in violation of 42 U.S.C Section 1983.

44. Madison County, Madison County Sheriff's Office, and Sheriff Mehr encourages its and their deputies/jailers to violate 42 U.S.C Section 1983 by failing to properly train, supervise, and discipline its and their deputies/jailers.

## DAMAGES

45. Plaintiffs incorporate allegations in paragraphs 1-44 as if stated verbatim herein.

46. Plaintiffs and Detrick Grady engaged in no acts or omissions that contributed to the injury sustained by Detrick Grady and caused by Defendants, or the death of Detrick Grady.

47. Based on the foregoing, Plaintiffs should be awarded a judgement against Defendants, severally and jointly, in the amount of $20,000,000.00 (Twenty Million Dollars and Zero Cents) in compensatory damages and an additional $15,000,000.00 ( Fifteen Million Dollars and Zero Cents) in punitive damages, or such other amount that is fair and reasonable as determined at trial, against Defendants jointly and severally.

48. Defendants should be held liable to Plaintiffs for all damages incurred, including loss of enjoyment of life; medical and funeral expenses of Detrick Grady; pecuniary value of the life of Detrick Grady; deprivation of Detrick Grady's civil rights; including the right to life; loss of earning capacity of Detrick Grady; future earning capacity of Detrick Grady; loss of filial consortium of the Mother Felicia Grady; loss of companionship, guidance and support of the three minor children; and suffering of Detrick Grady; and negligent infliction of emotional distress to the Mother; negligent infliction of emotional distress to the three minor children and injuries sustained by Detrick Grady and Plaintiffs as a result of the negligent, wanton, and unlawful conduct of Defendants' actions (John Does 1, 2 and 3 use of unreasonable, unnecessary, excessive force; Madison County, Madison County Sheriff's Office's, Sheriff Michael Mehr's negligence in policy implementation, hiring, training, supervision, and discipline of the John Does 1, 2 and 3), as well as the violation of Detrick Grady's clearly established Civil and Constitutional rights by all

Defendants, were the direct and proximate cause of Detrick Grady's injuries and death and Plaintiff Felicia Grady's injuries and loss.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY AND DEMAND THE FOLLOWING:**

1. That proper process issue and be served upon Defendants, and that Defendants be required to appear and answer this complaint within the time required by law;

2. That Defendants, jointly and severally, be found liable to Plaintiffs for damages, compensatory and punitive;

3. That Plaintiffs be awarded compensatory damages, in the amount of $20,000,000.00 ( Twenty Million Dollars and Zero Cents), or such other fair and reasonable amount to be determined at trial, to be paid by all Defendants, jointly and severally;

4. That Plaintiffs be awarded punitive damages, in the amount of $15,000,000.00 (Fifteen  Million Dollars and Zero Cents), or such other fair and reasonable amount to be determined at trial, to be paid by Defendants John Doe 1, John Doe 2 and John Doe 3 in their individual and official capacities, jointly and severally;

5. That Plaintiffs be awarded pre-judgement and post-judgement interest as allowed by law;

6. That Plaintiffs be awarded costs and expense, including attorney fees, associated with the bringing of this action;

7. That Plaintiffs be granted such other further and favorable relief, both general and specific, to which Plaintiffs may be entitled; and

8. That this matter be tried before a jury.

9. That Plaintiffs be allowed to amend the Complaint to add individual defendants once their identity is ascertained, and to otherwise amend the Complaint to conform to the facts.

Respectfully Submitted,

_____
Matthew V. Porter, #22240
John B. Bartels, # 020608
Attorneys for Plaintiff
5356 Estate Office Dr.
Suite 3
Memphis, TN  38119
(901) 475-7500