**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **FELICIA GRADY, individually and on behalf of DETRICK GRADY, deceased, and on behalf of three minor children of DETRICK GRADY, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **No. 1:19-cv-01153-STA-tmp** |
| **MADISON COUNTY, TENNESSEE, a municipal corporation; MADISON COUNTY SHERIFF'S OFFICE; SHERIFF JOHN R. MEHR, in his official capacity; and JOHN DOES 1-3, Sheriff's Deputies/Jailers of Madison County Sheriff's Department;** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

---

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO DISMISS
ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

---

Before the Court is Defendants Madison County, Tennessee; the Madison County Sheriff's Office; and Sheriff John R. Mehr's Motion to Dismiss (ECF No. 16). Plaintiff Felicia Grady has responded in opposition, and Defendants have filed a reply. For the reasons set forth below, Defendants' Motion is **GRANTED in part, DENIED in part**.

## BACKGROUND

Plaintiff Felicia Grady is the mother of Detrick Grady, who is now deceased. (Compl. ¶ 4, ECF No. 4). According to the Complaint, on July 31, 2018, Detrick Grady was a pretrial arrestee in the custody of the Madison County Sheriff's Office. (*Id*. ¶ 10.) After Mr. Grady's

1

court appearance on the morning of July 31, John Doe Defendants, unidentified deputies or jailers employed by the Madison County Sheriff, used excessive force on Mr. Grady.  (*Id*.)  The Complaint alleges that the John Doe Defendants critically injured Mr. Grady, first by using a Taser on him and then by placing him in restraints, and failed to provide the immediate medical attention Mr. Grady needed for his injuries.  (*Id. ¶¶* 10, 20.)  Mr. Grady was later transported to a local hospital and on August 4, 2018, died from the injuries he sustained as a result of the John Doe Defendants' use of excessive force.  (*Id. ¶* 3.)  The Complaint would hold the John Doe Defendants, Madison County, the Madison County Sheriff's Office, and Sheriff John R. Mehr liable for the death of Detrick Grady.  The Complaint alleges the violation of Mr. Grady's constitutional rights pursuant to 42 U.S.C. § 1983 and the Tennessee torts of negligence, negligence per se, reckless conduct, and the negligent infliction of emotional distress pursuant to the Tennessee Governmental Tort Liability Act ("the GTLA").

In their Motion to Dismiss, Defendants seek the dismissal of the Complaint based on a number of defects in the pleading.  As a threshold matter, Defendants argue that Plaintiff Felicia Grady lacks standing to bring claims on behalf of her deceased son.  The Tennessee survival statutes permit a decedent's surviving spouse and, if there is no spouse, the decedent's children or next of kin to file suit on behalf of the deceased.  Because the Complaint alleges that Mr. Grady is survived by three minor children, Plaintiff as Mr. Grady's mother cannot bring this action on her son's behalf.  Defendants contend then that the Court should dismiss the Complaint in its entirety for this reason alone.

Defendants next argue that the Complaint has improperly named several of the Defendants in the suit.  Claims against the Madison County Sheriff's Office and Sheriff Mehr in his official capacity are actually claims against Madison County itself.  So the Court should

2

dismiss the Madison County Sheriff's Office and Sheriff Mehr as parties. Defendants also argue that any claim against the John Doe Defendants is now time barred under the one-year statute of limitations for actions under § 1983 and the GTLA. Plaintiff has not identified the John Doe Defendants within the one-year limitations period and any attempt to amend her initial pleading to name the John Doe Defendants would not relate back to the date of her initial filing.

This just leaves Ms. Grady's GTLA and § 1983 claims against Madison County. Defendants argue that the GTLA does not waive sovereign immunity as to any of Plaintiff's tort claims under Tennessee law. Because Ms. Grady's claims arise out of an alleged violation of her son's civil rights, the GTLA's civil rights exception applies in this case, and so the County continues to have sovereign immunity from any tort claim Plaintiff may have against it. Defendants argue in the alternative that the Complaint fails to state a claim for the negligent infliction of emotional distress. As for Ms. Grady's federal claim under § 1983, Defendants argue that Ms. Grady cannot hold the County vicariously liable for the unconstitutional conduct of a county employee. And without some plausible allegation about how a particular county policy or custom was the moving force behind the violation of Mr. Grady's constitutional rights, the Complaint fails to state a § 1983 claim against the County. For all of these reasons, Defendants ask the Court to dismiss the Complaint.

Ms. Grady opposes Defendants' Rule 12(b)(6) Motion. Ms. Grady argues that dismissal of the John Doe Defendants would not be proper. Ms. Grady's claims against the John Doe Defendants would relate back to the date of her initial filing if the County disclosed the names of the deputies and Ms. Grady amended her pleading to name them within the initial period for serving the Complaint. Therefore, Defendants would not be entitled to the dismissal of the claims based on the statute of limitations. As for the merits of the allegations, Ms. Grady argues

that her Complaint states a plausible § 1983 claim against the John Doe Defendants as well as the County.  Ms. Grady specifically argues that her § 1983 claim against the County alleges a failure to train and supervise the deputy sheriffs.  For each of these reasons, Ms. Grady argues that the Court should deny the Motion to Dismiss.  Ms. Grady's brief does not address Defendants' arguments about her standing, her GTLA claims, or her claims against the Madison County Sheriff's Office or Sheriff Mehr.

Defendants have filed a reply brief.  Defendants point out that Ms. Grady has not addressed some of the arguments raised by Defendants in their opening brief.  As for the timeliness of Ms. Grady's claims against the John Doe Defendants, Defendants reiterate their argument that the filing of the Complaint did not toll the applicable statute of limitations and that any attempt to amend the Complaint outside the limitations period would be futile.  Defendants contend that the relation back doctrine applies only where the pleading party can show that the failure to name a defendant properly was the result of a mistake.  As Ms. Grady's response brief makes clear, Ms. Grady simply does not know the identity of any of the John Doe Defendants. She cannot show then that she has misnamed them or failed to name them because of a mistake. Defendants also restate their argument that the Complaint does not allege any facts to show why Ms. Grady can hold the County liable.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir.

1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **ANALYSIS**

### I.      **Plaintiff's Capacity to Sue on Behalf of Others**

The threshold question presented in Defendants' Motion to Dismiss is whether Plaintiff Felicia Grady is the proper party to bring this suit. The Complaint identifies Felicia Grady as Detrick Grady's mother and names her as Plaintiff in her individual capacity and in a representative capacity on behalf of Detrick Grady, deceased, and on behalf of Detrick Grady's

three minor children.  Defendants argue that Ms. Grady lacks standing to pursue claims on behalf of her son.[1]  Ms. Grady failed to address this argument in her brief, a fact that usually means a party has waived the issue.  Nevertheless, standing is one of the essential elements of a federal court's jurisdiction under Article III.  *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020) (citing *Hagy v. Demers & Adams*, 882 F.3d 616, 620 (6th Cir. 2018)).  As such, the Court has an obligation to consider a party's standing *sua sponte*.  *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012).

The Court begins by noting that Defendants have framed the issue as a question of standing.  But standing is not the same thing as the capacity to sue, particularly to bring a suit on behalf of another.  Capacity to sue is a "distinct legal question" from standing.  *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, 208 F.3d 215, 2000 WL 282445, at *4 (6th Cir. Mar. 6, 2000) (unpublished table decision); *see also Cranpark Inc. v. Rogers Grp. Inc.*, 821 F.3d 723, 730 (6th Cir. 2016) (concluding that "one who sells his interest in a cause of action is not deprived of Article III standing" but "is susceptible to a real-party-in-interest challenge"); *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017) ("Courts have recognized this distinction between Article III standing and real-party-in-interest/capacity issues . . . ."); 59 Am. Jur. 2d Parties § 26 ("Capacity to sue is a threshold matter allied with, but conceptually distinct from, the question of standing.").

The distinction between standing and capacity matters here.  If Defendants are right and Ms. Grady lacks standing, then a number of important conclusions follow.  First and foremost, the Court would lack jurisdiction over the suit and therefore have no choice other than to dismiss

---

[1] Defendants have not specifically addressed Ms. Grady's standing to bring her own claims.  Ms. Grady asserts a claim of her own for the loss of filial consortium.  For the reasons discussed below, the Court is dismissing all but the § 1983 claims against Madison County.

the action in its entirety. *Am. BioCare Inc. v. Howard & Howard Attorneys PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017). "As a jurisdictional requirement, standing to litigate cannot be waived or forfeited" by any party. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019). Moreover, in order for the Court to reach the merits of her claims, Ms. Grady would have the burden to allege facts in her Complaint to demonstrate her standing to sue on behalf of her son and her son's minor children. "At the pleading stage, plaintiffs bear the burden of alleging facts establishing each element of standing." *Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cir. 2020) (citing *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016)). And the Court would make its determination of Ms. Grady's Article III standing as "a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013).

If, on the other hand, the question is one of Ms. Grady's capacity to sue, then an entirely different set of standards would apply. Ms. Grady's capacity, or lack thereof, would have no impact on the Court's subject-matter jurisdiction under Article III. Unlike standing, capacity is "an affirmative defense, not a jurisdictional issue." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 (6th Cir. 2014) (citing *Brown v. Keller*, 274 F.2d 779, 780 (6th Cir. 1960)); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) ("The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court.") (citation omitted)). Unlike standing, Ms. Grady would have no specific duty to plead facts to demonstrate her capacity to bring the suit. Fed. R. Civ. P. 9(a)(1)(A) & (B) (stating that "a pleading need not allege a party's capacity to sue or be sued [or] a party's authority to sue or be sued in a representative capacity"). Rather Defendants must raise the issue as an affirmative defense and introduce proof to avail themselves of the defense, or else waive it. *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018)

("Federal Rule of Civil Procedure 8(c) requires defendants to raise affirmative defenses in their first responsive pleadings; the failure to do so may result in waiver of the defense.").

In light of the fundamental distinctions between standing and capacity, the Court finds that Defendants' argument is better understood as a challenge to Ms. Grady's capacity to bring suit on behalf of her deceased son or her son's children, and not her standing. Defendants have not actually challenged Ms. Grady's ability to demonstrate the essential elements of Article III standing. *Buchholz*, 946 F.3d at 861 (citing the following elements necessary to satisfy Article III's "case or controversy" requirement: a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."). Defendants have not argued that Ms. Grady's status as a party-plaintiff deprives the Court of subject-matter jurisdiction for purposes of Federal Rule of Civil Procedure 12(b)(1). *Am. BioCare Inc.*, 702 F. App'x at 419 ("Article III standing is a question of subject matter jurisdiction properly decided under 12(b)(1)."). On the contrary, Defendants have argued that as a matter of Tennessee law, Ms. Grady is not the proper party-plaintiff to represent her son in this action, a classic example of a capacity-to-sue defense based on a party's status as it is defined under state law. Therefore, the Court will consider Defendants' argument as an affirmative defense based on the capacity to sue.

### A. Plaintiff's Capacity to Sue on Behalf of Her Son Detrick Grady

Having determined that Defendants' argument is a matter of capacity and not standing, the Court now considers whether Defendants are entitled to the dismissal of Ms. Grady's claims for lack of capacity to sue on behalf of Detrick Grady. Ms. Grady alleges a claim on behalf of her deceased son Detrick Grady for the violation of his constitutional rights, a cause of action under 42 U.S.C. § 1983. The Court has subject-matter jurisdiction in this case under 28 U.S.C. §

1331(a) because Detrick Grady's § 1983 claim arises under federal law. *Jones v. City of Elyria, Ohio*, 947 F.3d 905, 912 (6th Cir. 2020). But it is Tennessee's law of survivorship that determines whether a § 1983 claim survives a plaintiff's death and which party has the capacity to press the claim in court. *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978) (quoting 42 U.S.C. § 1988)).[2] There is no dispute in this case that as a matter of Tennessee law, any § 1983 claim Detrick Grady had against Defendants survived his death.[3] The real question is whether Felicia Grady is the proper party to represent Detrick Grady now.

Tenn. Code Ann. § 20–5–107(a) permits several different parties to bring suit on behalf of the deceased: "the personal representative of the deceased or [] the surviving spouse in the surviving spouse's own name, or, if there is no surviving spouse, [] the children of the deceased or [] the next of kin." Tenn. Code Ann. § 20–5–107(a). The Tennessee Supreme Court has construed the Tennessee statutory law on wrongful death actions to give a decedent's surviving spouse "the prior and superior right above all others to file the wrongful death action and control the litigation." *Beard v. Branson*, 528 S.W.3d 487, 499 (Tenn. 2017) (quoting *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991)). And "[i]f there is no surviving spouse, then the

---

[2] Tennessee law only applies to the extent that it is "not inconsistent with the Constitution and laws of the United States." *Robertson*, 436 U.S. at 588. A state law of survivorship is inconsistent with federal law when it is "inconsistent with the federal policy underlying the cause of action under consideration." *Id.* at 590 (quoting *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 465 (1975)). The policies advanced by § 1983 claims include "(1) compensation of persons for injuries caused by deprivations of their federal rights and (2) deterrence of deprivation of rights." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 600-01 (6th Cir. 2006) (citing *Robertson*, 436 U.S. at 590-91). Defendants have not argued that the survival of Detrick Grady's § 1983 claims would not comport with the Constitution or other federal law. Under the circumstances, the Court finds it unnecessary to address the issue.

[3] For purposes of determining whether § 1983 claims survive a plaintiff's death, courts have found that the claims are "best characterized as personal injury actions." *Crabbs v. Scott*, 880 F.3d 292, 295 (6th Cir. 2018). In Tennessee "claims for personal injuries" survive a plaintiff's death. *Estate of Sanders v. Jones*, 362 F. Supp. 3d 463, 466 (W.D. Tenn. 2019) (quoting *Can Do, Inc. Pension & Profit Sharing Plan & Successor Plans v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865, 867 (Tenn. 1996)).

children have priority to bring the action; if no children survive, then the action passes to the decedent's next of kin. *Id.* at 499–500 (citations omitted).  In sum, Tennessee law permits a parent like Ms. Grady to file suit on behalf of a deceased child only if the child had no surviving spouse or children of his own.

The Court holds that based on the facts alleged in the Complaint, Ms. Grady is not a permissible representative of her son.  There is no reason to conclude from the Complaint that Ms. Grady is the duly appointed personal representative of Detrick Grady's estate.  The Complaint does not allege that a probate court has granted Ms. Grady letters testamentary or letters of administration authorizing her to act as the estate's personal representative. *Memphis St. Ry. Co. v. Cooper*, 313 S.W.2d 444, 448 (Tenn. 1958) (noting that a personal representative pursues "recovery as a trustee for the real beneficiaries . . . , and must account to them, whoever they may be, for the proceeds of the judgment").  Perhaps more important, the Complaint alleges that Detrick Grady is survived by minor children.  Compl. ¶ 40.  Detrick Grady's children, and not his mother, are the proper parties to prosecute claims on Detrick Grady's behalf as a matter of Tennessee law.  As a result, Ms. Grady lacks the capacity to sue as a representative of her son.

It is true that lack of capacity is an affirmative defense on which Defendants bear the burden of proof. *See* Fed. R. Civ. P. 9(a)(1)(A) & (B).  However, a court may grant a motion to dismiss on the basis of an affirmative defense "if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013) (citing *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 613 (6th Cir. 2009)).  The facts necessary to make out the affirmative defense in this case are stated in the Complaint itself: Detrick Grady left no surviving spouse but is survived by his three children.  It follows that Detrick Grady's children, and not Ms. Grady, are proper parties under Tenn. Code Ann. § 20–5–107(a) to bring suit on Detrick

Grady's behalf.  Therefore, Defendants' Motion to Dismiss will be **GRANTED** on the narrow issue of whether Felicia Grady has the capacity to sue on her son's behalf.

### B.  Plaintiff's Capacity to Sue on Behalf of the Minor Children

The fact that Tennessee law permits the children of Detrick Grady to bring suit on his behalf does not end the Court's inquiry.  The Complaint alleges that Ms. Grady brings suit not only on behalf of her deceased son but also on behalf of the minor children.  A minor child cannot bring suit but must act through a proper representative.  Fed. R. Civ. P. 17(c); *see also Busby v. Massey,* 686 S.W.2d 60, 62–63 (Tenn. 1984) ("Minors cannot act for themselves in contracting with counsel and otherwise making provisions to institute [lawsuits].").  Ms. Grady alleges claims on behalf of Detrick Grady's minor children as their representative as well.  The Complaint does not identify the children or allege any other facts about them other than their minority and the allegation that Detrick Grady was their father.

Federal Rule of Civil Procedure 17 safeguards "the due process rights of incompetent civil parties" such as minor children and requires a district court to issue appropriate orders for the protection of minors' interests.  *Mate v. Fields,* No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017) (citing *United States v. Mandycz*, 447 F.3d 951, 962 (6th Cir. 2006)).  Under the circumstances, the Court could not assess from the pleadings whether Ms. Grady was a proper representative for any or all the children in this suit.  Therefore, the Court entered an order (ECF No. 20) on February 26, 2020, and directed Ms. Grady to brief the issue of her capacity to sue on behalf of Detrick Grady's three minor children.  Ms. Grady has now filed a supplemental memorandum addressed to the issue.

11

According to Ms. Grady's supplemental brief, her son had three minor children: D.M.G., A.L.G., and Aluxious A. Cooper.[4]  D.M.G. was born on July 21, 2004, in Madison County, Tennessee to Jessica Gomez. A genetic test subsequently confirmed in December 2007 that Detrick Grady was D.M.G.'s biological father.  D.M.G.'s biological mother died in February 2016.  D.M.G. has resided with Ms. Grady since 2016, and Ms. Grady has acted as D.M.G.'s guardian since August 4, 2018, when Detrick Grady passed away.  Ms. Grady has submitted an affidavit attesting to each of these facts as well as substantially similar affidavits from her daughter Nancy Hill, her mother Nancy Jordan, and her son Lydell Warmack.  *See* Supp. Br., ex. 2 (ECF No. 22-2).  Ms. Grady has also furnished unverified copies of D.M.G.'s birth certificate and the results of a paternity test confirming that Detrick Grady was D.M.G.'s father.  *See* Supp. Br., ex. 1 (ECF No. 22-1).   The brief further states that Ms. Grady has initiated formal legal proceedings to confirm legal guardian status in the Juvenile Court of Madison County, Tennessee, Case No. 53-53, 229.

As for Detrick Grady's two other children, A.L.G. was born on March 23, 2010, in Hardin County, Tennessee to JoAnna Sue Sharp.  Detrick Grady is listed as the father on the minor child's birth certificate, which Ms. Grady has attached to the supplemental brief. Aluxious A. Cooper was born on November 12, 2001, in Chicago, Illinois, to Antoinette Cooper. Ms. Grady states upon information and belief that her son was Aluxious Cooper's biological father.  Ms. Grady does not indicate whether she has now or has ever had physical or legal custody of A.L.G. or Aluxious Cooper or ever sought to be appointed guardian of the children.

---

[4] Ms. Grady's brief gives the full legal names of each child.  The Court will refer to the minors only by their initials.  The third child Aluxious A. Cooper was a minor at the time of Detrick Grady's death in August 2018 and when Ms. Grady filed suit in July 2019.  The supplemental brief indicates, however, that Cooper turned 18 in November 2019.

Ms. Grady argues in her supplemental brief that she has capacity to sue on behalf of D.M.G.  Because Detrick Grady was not married at the time of his death, his claims passed to his children.  Ms. Grady concedes that D.M.G. was not the legitimate child of Detrick Grady. However, a paternity test has conclusively established that Detrick Grady was D.M.G.'s father. Ms. Grady argues then that under Tennessee law D.M.G. has the right to bring suit on his father's behalf.  But as a minor, he himself must have a representative or guardian to bring the claims.  Ms. Grady argues that she is permitted by statute to bring suit as a personal representative for the benefit of D.M.G.  Ms. Grady also argues that she is in the process of being appointed as guardian for D.M.G., which would also confer her with the legal authority to bring the suit in the name of her grandson.

The next question for the Court then is whether Ms. Grady has capacity to maintain this action as a party-plaintiff to represent her son's children, including minors D.M.G. and A.L.G. The Court can quickly dispose of the claims Ms. Grady purports to bring on behalf of A.L.G. and Aluxious Cooper.  Ms. Grady has supplied the Court with only minimal facts about both children.  A.L.G. is now age 10, and it is not clear where A.L.G. currently resides, though it appears she does not live with Ms. Grady.  Cooper has now reached the age of majority and apparently lives in Chicago, Illinois.  In her supplemental brief, Ms. Grady has not even argued why she is a proper representative for either A.L.G. or Cooper.  Therefore, insofar as the Complaint merely alludes to A.L.G. and Aluxious Cooper without actually naming either child, the children are **DISMISSED** as parties without prejudice.

Ms. Grady does argue that she is the proper representative for D.M.G.  Federal Rule of Civil Procedure 17(c)(1) permits the following representatives to sue on behalf of a minor: a general guardian; a committee; a conservator; or a like fiduciary.  Fed. R. Civ. P. 17(c)(1).  Ms.

Grady currently lacks the formal status of any of these types of fiduciaries.  It is true that Ms. Grady is pursuing guardianship over her grandson in state court.  However, she is not yet his legal guardian.  As such, Ms. Grady cannot act as D.M.G.'s representative at this point pursuant to Rule 17(c)(1).  This means Ms. Grady can only bring suit for D.M.G. under Rule 17(c)(2), which allows a minor who does not have any of the representatives listed in Rule 17(c)(1) to bring suit in federal court through a next friend or a guardian ad litem.  Fed. R. Civ. P. 17(c)(2).  Ms. Grady arguably qualifies as a next friend.  A "next friend" is "[s]omeone who appears in a lawsuit to act for the benefit of an incompetent or minor plaintiff, but who is not a party to the lawsuit and is not appointed as a guardian."  Black's Law Dictionary (11th ed. 2019); *see also Marine v. City of Chattanooga, Tenn.*, No. 1:19-cv-219, 2009 WL 4348587, at *3 (E.D. Tenn. Nov. 24, 2009) ("The next friend is a volunteer who is willing to protect the interests of a person with a legal disability, be liable for the costs of the action, and carry out the orders of the court.") (citing *Williams v. Gaither*, 202 S.W. 917, 918 (Tenn. 1918)).

The problem lies in the fact that the Complaint is devoid of any of the relevant allegations to name D.M.G. as a party or to identify Ms. Grady as D.M.G.'s next friend.  Under Rule 10(a), the title of a complaint must name all the parties.  Fed. R. Civ. P. 10(a).  Rather than dismiss the suit for failure to plead the proper party and Ms. Grady's capacity to represent D.M.G. as a next friend, the Court will allow Ms. Grady to amend her pleadings to correct the issue.

Amendment is appropriate here for several reasons.  Generally speaking, a pleading need not allege with particularity a party's capacity to sue.  Fed. R. Civ. P. 9(a)(1)(A) & (B).  As the Sixth Circuit recently noted, caption errors, particularly where an adult acts as a next friend or guardian on behalf of a minor child, are "common and need not be viewed as fatal defects," so long as the pleading satisfies Rule 8 notice pleading requirements.  *Kanuszewski v. Mich. Dep't*

*of Health & Human Servs.*, 927 F.3d 396, 407 n.4 (6th Cir. 2019) (quoting *Hawkins v. Wash. Metro. Area Transit Auth.*, 311 F. Supp. 3d 94, 101 (D.D.C. 2018) & 5A Wright & Miller, *Federal Practice & Procedure* § 1321 (3d ed. 2004 & Supp. 2017)).  Furthermore, Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading by leave of court and adds that a court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Permitting Ms. Grady to amend is particularly justified here because "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 330–31 (6th Cir. 2015) (quoting *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986)).

Therefore, the Court will grant Ms. Grady leave to amend her Complaint for the purpose of adding D.M.G. as the real party in interest and clarifying in what capacity Ms. Grady seeks to represent the child.  The Court's ruling does not abridge Defendants' right to assert Ms. Grady's capacity to sue on behalf of D.M.G. as an affirmative defense and file a motion addressed to that issue at a later stage of the proceedings.

## II.    Plaintiff's Waived Claims

Defendants next seek judgment as a matter of law on a number of other issues, and Ms. Grady did not address them in her response brief.  Defendants argue in their opening brief that the Court should dismiss Ms. Grady's claims against the Madison County Sheriff's Office and Sheriff John Mehr as well as all claims under the GTLA and her claim under Tennessee common law for the negligent infliction of emotional distress.  By failing to respond to Defendants' arguments for the dismissal of these claims on the merits, Ms. Grady has waived them. *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that a

party's failure to respond or oppose a motion to dismiss may result in waiver of the issues raised in the motion to dismiss); *Conner v. Hardee's Food Sys.,* No. 01-5679, 2003 WL 932432, at *4 (6th Cir. Mar. 6, 2003) (finding that "[b]ecause Plaintiffs failed to brief the issue before the district court . . . Plaintiffs abandoned their . . . claim.").  Based on Plaintiff's waiver of these claims and for the reasons stated in Defendants' opening memorandum, the Court holds that Defendants are entitled to judgment as a matter of law on these claims.  Therefore, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claims against the Madison County Sheriff's Office and Sheriff Mehr as well as Plaintiff's claims under the GLTA and her claim for the negligent infliction of emotional distress.  The Madison County Sheriff's Office and Sheriff Mehr are **DISMISSED** with prejudice.

### III.    Claims Against John Doe Defendants

Defendants next seek the dismissal of Ms. Grady's § 1983 claims against the John Doe Defendants.  The Complaint alleges that John Does 1 to 3 were deputies or jailers employed by Madison County and were the officers responsible for the use of excessive force on Detrick Grady in July 2018.  Defendants argue that the one-year statute of limitations has now run as to these claims and that simply filing suit against the John Does did not toll the statute of limitations.  Ms. Grady answers that she can still amend her pleadings to name the John Does and take advantage of Rule 15's relation back rule.  The Court would add that Ms. Grady has yet to file such a motion to amend, even though Defendants first raised the issue several months ago.

The statute of limitations on a claim for the violation of a constitutional right under 42 U.S.C. § 1983 is one year in Tennessee, meaning the limitations period on any claim Detrick Grady had against the John Does ran on or around July 30, 2019, the same date on which Ms. Grady filed suit. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-

104(a), and *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005)).   A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion.   *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).   But when the allegations on the face of the complaint show that the claim is time-barred, dismissal under Rule 12(b)(6) is proper.   *Jones v. Bock*, 549 U.S. 199, 215 (2007).   And where as here a plaintiff names a John Doe as a defendant, the statute of limitations as to any claim against a John Doe continues to run until the party is identified and served with process.   *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Bufalino v. Mich. Bell Tele. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968)).[5]   Because Ms. Grady filed her Complaint on or near the last day of the limitations period and has not yet identified and served any of the John Doe Defendants, her claims against them are out of time.

Ms. Grady does not actually dispute that the statute of limitations has run on her claims against the John Doe Defendants.   Instead she argues that she can still amend her pleadings to name the John Does and take advantage of the relation back rule under Federal Rule of Civil Procedure 15(c).   Rule 15(c)(1) provides that amended pleadings "relate back to the date of the original pleading" but only under specific circumstances.   Fed. R. Civ. P. 15(c)(1).   Where a plaintiff seeks to substitute a party like a John Doe, the amended pleading will relate back to the original pleading if three conditions are met: (1) "the amendment asserts a claim or defense that

---

[5] Ms. Grady argues that *Cox* is distinguishable because it addressed the version of Rule 15 in effect before 1991.   Be that as it may, the Court finds that *Cox*'s holdings on John Doe defendants continues to be the law in this Circuit, even after the 1991 amendments to Rule 15(c). The Sixth Circuit has continued to apply *Cox*'s interpretation of the relation back doctrine.   *E.g. Rayfield v. City of Grand Rapids, Mich.*, 768 F. App'x 495, 501 (6th Cir. 2019) (holding that Rule 15(c)'s relation back doctrine did not apply to save untimely claims against John Doe defendants); *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 618 (6th Cir. 2014) (same).   Ms. Grady's argument about the ongoing value of *Cox* is, therefore, unconvincing.

17

arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading;" (2) "the amendment changes the party or the naming of the party against whom a claim is asserted;" and (3) "if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(B) & (C); *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

The Court finds it unnecessary to decide whether Ms. Grady can avail herself of the relation back rule.  The issue presented in Defendants' Motion to Dismiss is whether Ms. Grady's claims against the John Doe Defendants are now facially time barred.  Ms. Grady does not dispute that the one-year limitations period has run.  Ms. Grady only speculates that she could amend her pleading at a future time to identify the John Does and still satisfy Rule 15(c) and the relation back rule.  The Court notes that the Sixth Circuit has adopted a "bright-line rule" which calls Ms. Grady's argument into serious doubt.  "Rule 15(c) . . . allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Smith v. City of Akron*, 476 F. App'x 67, 69–70 (6th Cir. 2012) (collecting cases from other circuits).  The Court of Appeals has explained that its "bright-line rule" against filing suit against John Does and then using the relation back doctrine to name them after the limitations period has run "forestalls eleventh-hour lawsuits with placeholder defendants designed to frustrate the operation of a statute of limitations."  *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 435, (6th Cir. 2013) (citing *Cox*, 75 F.3d at 240).  This authority clearly cuts against Ms. Grady's theory that she will be able

to amend her pleading at a later time to name the John Doe Defendants and properly bring them before the Court.

The Court expresses no view on the ultimate merits of Ms. Grady's relation back argument. The relation back rule or the possibility of some other kind of equitable tolling[6] simply does not change the fact that her Complaint in its current iteration alleges facially time-barred claims against the John Does. If Ms. Grady discovers the John Does' identities and still believes she can avail herself of the relation back rule, then Ms. Grady will have the opportunity to file a proper motion to amend her pleadings. For now Defendants' Motion to Dismiss is **GRANTED** but without prejudice to Ms. Grady's right to file a motion to amend her pleadings at a later time to identify the unknown deputies.

### IV.    Claims Against Madison County

This just leaves Defendants' final argument for the dismissal of the claims against Madison County.[7] According to Defendants, the Complaint fails to allege how a county policy or custom was the moving forced behind the violation of Detrick Grady's constitutional rights. When a § 1983 claim is made against a municipality or other local government, a plaintiff must prove a direct causal link between a municipal policy or custom and the alleged violation of the

---

[6] *Brown*, 517 F. App'x at 435 ("Though this bright-line rule may bar some cases where a justification for the delay exists, equitable tolling should serve as an adequate safety valve for those plaintiffs with good excuses.").

[7] Defendants also argue that Ms. Grady cannot hold Madison County vicariously liable for the actions of the John Doe deputies. The Court agrees. A unit of local government like Madison County may not be held liable under § 1983 merely on the basis of *respondeat superior*. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Likewise, a local government will not be liable under § 1983 "simply for having employed a worker who committed a constitutional violation." *Brennan v. Dawson*, 752 F. App'x 276, 287 (6th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Madison County will only be liable for the violation of Detrick Grady's constitutional rights if Ms. Grady can prove that a county policy or custom was the moving force behind her son's injury.

plaintiff's constitutional rights. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). So the plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The Complaint contains the following relevant factual allegations, which the Court accepts as true at the pleadings stage. Detrick Grady was taken to the Madison County Jail after a court appearance on July 31, 2018. Compl. ¶ 10. After the court appearance, Madison County Sheriff's deputies/jailers used excessive force against Detrick Grady while he was in their custody at the jail by restraining him and using a Taser, even though Grady was unarmed and posed no imminent threat to the deputies. *Id.* The deputies also failed to seek immediate medical attention for Mr. Grady. *Id.* ¶¶ 20, 41. Mr. Grady was eventually taken to a hospital in critical condition and died from his injuries on August 4, 2018. *Id.* ¶ 21.

With respect to Madison County itself, the Complaint goes on to make the following factual allegations. Madison County adopted a policy of deliberate indifference and thereby "encouraged" acts of this kind "by failing to adequately and properly supervise, discipline, or train its agent [sic] and employees and by manifesting deliberate indifference." *Id.* ¶¶ 17, 30, 44. The deputies who injured Mr. Grady acted pursuant to Madison County policy and custom, policies which "enabled [them] to act with deliberate indifference to the constitutional rights of individual citizens." *Id.* ¶¶ 14, 17. Madison County through the official actions of the Madison County Sheriff's Office and the Sheriff himself "failed to properly educate its [] deputies in standard and proper police procedure, including but not limited to, the us[e] of reasonable force

20

and necessary force during detainment and/or confrontation with individuals" and the protection of a detainee's constitutional rights. *Id.* ¶ 31.[8]

Viewing these allegations in a light most favorable to Plaintiff, the Court holds that Plaintiff has "nudged [her] claim . . . across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Complaint identifies Madison County's policies on training, supervision, and discipline regarding the use of force, specifically the use of a Taser and restraints, on detainees in custody at the jail as the policy or custom that led to the alleged violation of Detrick Grady's constitutional rights. *Cf. Balcar v. Jefferson Cnty. Dist. Ct.*, No. 17-5402, 2017 WL 4535934, at *2 (6th Cir. Sept. 8, 2017) (dismissing a § 1983 claim against a county for the plaintiff's failure to identify the policy or custom that caused the alleged constitutional violation). Defendants object that the Complaint's allegations of a county policy and custom are bald and conclusory. While the Complaint does not spell out the precise contours of the alleged policy or custom, civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with more particularity than this. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

And the cases cited by Defendants are distinguishable. Both involved the dismissal of a § 1983 claim against a local government but at summary judgment for failure to prove the existence of a policy or custom, and not the failure to plead it. *See Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010) (affirming the district court's grant of summary judgment as to a county "because [the plaintiff] has not shown that a policy or custom was the moving force behind the alleged violations or that there was deliberate indifference based on prior instances of

---

[8] The Court is granting Defendants' Motion to Dismiss any claim against the Madison County Sheriff's Office and Sheriff Mehr in his official capacity because an official capacity claim against a sheriff is actually a claim against the county itself. *Laubis v. Witt*, 597 F. App'x 827, 832 (6th Cir. 2015) (citing *Shamaeizadeh v. Cunigan,* 338 F.3d 535, 556 (6th Cir. 2003)).

unconstitutional conduct"); *Askew v. City of Memphis*, No. 14-cv-02080-STA-tmp, 2016 WL 3748609 (W.D. Tenn. July 8, 2016) (granting in part and denying in part the city's motion for summary judgment on § 1983 claims for failure to train, failure to investigate, and failure to discipline and supervise).  The Complaint satisfies Rule 8(a)'s notice pleading requirements and gives Madison County adequate notice of Ms. Grady's theory of liability.  *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014).  Therefore, Defendants' Motion to Dismiss is **DENIED**.

<u>CONCLUSION</u>

The Court holds that Ms. Grady lacks the legal capacity to bring this suit on behalf of her son.  As a matter of Tennessee law, only Detrick Grady's children can bring this action.  Ms. Grady through her supplemental brief has now presented more information about the minor child she seeks to represent, D.M.G.  Ms. Grady is ordered to amend her Complaint to identify D.M.G. as the proper party-plaintiff to bring claims on behalf of Detrick Grady as well as to clarify Ms. Grady's role as a representative of D.M.G.  Ms. Grady's amended pleading is due within 21 days of the entry of this order.

As for the allegations of the initial Complaint, the Complaint states a plausible § 1983 claim against Madison County for the violation of Detrick Grady's constitutional rights. However, Defendants are entitled to the dismissal of the remaining claims against the Madison County Sheriff's Office, Sheriff John R. Mehr, and the John Doe Defendants as well as Plaintiff's claims for the negligent infliction of emotional distress claim and any claim under the GTLA.  Therefore, the Motion to Dismiss is **GRANTED in part, DENIED in part**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 5, 2020.