## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **FELICIA GRADY, as next friend of D.M.G., a minor child of DETRICK GRADY, deceased,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | No. 1:19-cv-01153-STA-tmp |
| **MADISON COUNTY, TENNESSEE, a municipal corporation,** ) ) ) ) | |
| **Defendant.** ) | |

### ORDER DENYING PLAINTIFF'S MOTION FOR AN AMENDED SCHEDULING ORDER

Before the Court is Plaintiff Felicia Grady's Motion for an Amended Scheduling Order (ECF No. 54) filed March 19, 2021. Plaintiff seeks an extension of the current ADR deadline, the cancellation of the current mediation scheduled for March 25, 2021, and the amendment of the remaining deadlines in the current case management schedule. Defendant Madison County, Tennessee has responded in opposition. For the reasons set forth below, the Court finds that Plaintiff's Motion is not well taken.

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order can be modified only on a showing of good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). The Sixth Circuit has explained that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bank of Am., N.A. v. Corporex Realty & Investment Corp.*, 661 F. App'x 305, 317 (6th Cir. 2016) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). In this case

Plaintiff has not demonstrated good cause for an extension of the mediation deadline or any other case management deadline. This is an action under 42 U.S.C. § 1983 for the violation of Detrick Grady's civil rights while he was a pretrial detainee in the custody of Madison County, Tennessee. The primary cause given for Plaintiff's request to modify the schedule is the delay in Defendant's production of a TBI investigative file, documenting an official inquiry into the death of Mr. Grady. As of the filing of her Motion to Amend, Plaintiff had not received the TBI file from Defendant and therefore requests more time for mediation. Based on the submissions of the parties, however, the Court cannot say that Plaintiff acted diligently to meet the mediation deadline or that she was somehow prevented from receiving the TBI report in time to prepare for mediation.

The timing and sequence of events surrounding the production of the TBI report is critical. First and foremost, Plaintiff filed suit on July 31, 2019. The Court entered the initial Scheduling Order on June 19, 2020, and set March 12, 2021, as the deadline for completing all discovery, a deadline the Court has since extended. Plaintiff has apparently known about the TBI investigation for some time; the parties' briefing suggests that TBI agents interviewed Mr. Grady's family members as part of their investigation. It is also true that Defendant obtained a copy of the TBI investigative materials by means of a subpoena and agreed to produce a copy of the file to Plaintiff. But as Defendant correctly notes, nothing prevented Plaintiff from obtaining a copy of the TBI investigative file by causing a subpoena of her own to issue. It seems to the Court that counsel could have taken this simple step at any time during the pendency of the action. The fact that Plaintiff now needs more time to get the TBI materials, 18 months after filing suit and nine months since the entry of the initial scheduling order, does not suggest diligence.

Even if the Court focused on the most recent developments in the case, Plaintiff has still not demonstrated that she has acted diligently to meet the current mediation deadline. On January 27, 2021, the parties filed a joint motion to extend the remaining deadlines in the scheduling order, including the mediation deadline. Jt. Mot. for an Am. Scheduling Order (ECF No. 51). The parties gave a number of reasons to support their request: scheduling delays occasioned by the ongoing COVID-19 pandemic, the need for more time to conduct depositions, Plaintiff's forthcoming supplemental responses to Defendant's discovery requests, lead counsel for Defendant's expected absence from the office in February 2021, and the parties' agreement to hold mediation on March 25, 2021. The Court found good cause to grant the joint motion and entered its order on February 1, 2021, which set March 25, 2021, as the new deadline to complete mediation.

But the joint motion did not refer in any way to the production of the TBI file, despite its obvious relevance to Plaintiff's claims and its impact on the parties' ability to meet the new mediation and discovery deadlines. This is probably because on the same day the parties filed their joint motion to amend the scheduling order, counsel for Defendant placed two jump drives holding an electronic copy of the TBI file in the U.S. mail and addressed to counsel for Plaintiff. So the January 27, 2021 mailing was Defendant's production of the TBI materials as part of its discovery obligations. In the normal course, this should have given Plaintiff plenty of time to review the information and assess its impact on Plaintiff's claims prior to the March 25 mediation.

Even though the parties had scheduled a date certain for mediation and the Court had granted their joint motion to set that date as the final deadline for mediation, almost one month passed before counsel for Plaintiff took the time to inspect the TBI file produced by Defendant or

address it with counsel for Defendant. In a February 25, 2021 email to counsel for Defendant, counsel for Plaintiff stated that he "got around to trying to open the files" from a jump drive earlier that week, only to find that he could not access the files. *See* Bartels Email, Feb. 25, 2021, ex. B. to Def.'s Resp. in Opp'n (ECF No. 55-2). Counsel for Defendant responded to opposing counsel's email, apologized for the difficulty, and indicated he would send a second copy. Russell Email, Feb. 25, 2021 (ECF No. 55-2). Counsel for Defendant has produced a copy of a cover letter sent with the replacement jump drives and dated February 25, 2021, though counsel for Plaintiff states that at the time he filed his Motion to Amend, he had yet to receive the new copies. Russell Ltr., Feb. 25, 2021 (ECF No. 55-3). The upshot of this proof is that counsel for Plaintiff knew about the TBI file when Plaintiff agreed to the March 25 mediation, received the jump drives from opposing counsel within plenty of time to meet the deadline, but then waited for a period of time before he "got around" to examining the jump drives in late February with only a few weeks before the mediation deadline. Technical issues with electronic files are unfortunately common and can even impact a party's ability to meet a case management deadline despite her best efforts. This sequence of events, however, does not suggest a diligent effort to meet the current mediation date.

Even after the problems with the first jump drives and with the mediation date looming, counsel for Plaintiff did not act quickly to get the TBI information from Defendant. The next communication between counsel appears to have occurred approximately two weeks later on March 11, 2021, when counsel for Defendant emailed counsel for Plaintiff to inquire about whether counsel had been able to access the files on the replacement set of jump drives. Russell Email, Mar. 11, 2021 (ECF No. 55-4). Counsel for Defendant also asked about Plaintiff's availability for a deposition in early April. *Id.* Counsel for Plaintiff responded to opposing

4

counsel's email several days later on March 16, 2021, explaining that his co-counsel had been out of office for a few days and that he wanted to confer with him before responding. In this email, counsel for Plaintiff stated that he had not received the second set of jump drives.

Counsel went on to make a number of additional claims regarding the initial jump drives. Counsel stated that he had arranged for an unidentified person with IT knowledge to examine the drives and that the examination suggested that the drives contained unusual software, a program to delete the files when someone attempted to open them and another program to track or trace the location of anyone accessing the files. Counsel for Plaintiff has not provided any proof in the form of an affidavit or declaration to elaborate on these claims. For his part, counsel for Defendant has strongly denied that counsel or anyone in his firm did anything to alter the jump drives or add any suspicious software. Counsel for Defendant has given evidence that his firm ordered the jump drives from an office supply store and made no other modifications to the storage devices.

Plaintiff now argues that the issues surrounding the production of the TBI investigative file may require the appointment of a special master and at the very least warrant the cancellation of the current mediation session and an extension of the deadlines for completing discovery. The Court disagrees. Plaintiff has raised serious claims over Defendant's production of the TBI files, claims which counsel for Defendant has denied in the strongest possible terms. Plaintiff has the right to request any relief that counsel may deem appropriate under the rules applicable to discovery. The Court ultimately finds it unnecessary to decide any of those questions here. The issue presented in the Motion to Amend is whether Plaintiff can show good cause to amend the scheduling order, including a mediation deadline that was less than a week away when Plaintiff

5

filed the Motion. And the primary measure of good cause is Plaintiff's own diligence in working to meet the deadline.

By that measure, Plaintiff has not shown why the Court should extend the mediation deadline or any other deadline at this late point in the case. As the Court has explained, Plaintiff could have subpoenaed the TBI file herself and certainly could have sought it at any time during discovery over the last several months. Putting aside Plaintiff's unexplained decision not to pursue the TBI file on her own accord, Plaintiff has not shown why counsel could not have obtained the TBI file in the two months that have passed since the Court set the March 25 mediation deadline. Plaintiff has offered no explanation about why counsel delayed any follow up on the TBI file at several key points since January 2021. Counsel received the first set of jump drives but did not promptly inspect them to access the files and only contacted opposing counsel about the drives one month after counsel for Defendant had sent them. And after experiencing technical issues of some sort with the first set of drives, counsel for Plaintiff did not request that counsel for Defendant overnight the replacement set and apparently never availed himself of opposing counsel's offer to make the file available through means other than a jump drive. Counsel for Defendant contacted counsel for Plaintiff on March 11, 2021, more than a week before Plaintiff filed the Motion to Amend and offered to use a file-sharing platform to disclose the TBI information. Whatever misgivings counsel for Plaintiff may have had about that course of action, and the Court takes no view on counsel's claims about the purported malware on the first set of jump drives, using another means of delivery or another platform to obtain a copy of the TBI file would have been the most expeditious way to get the file and act with diligence to meet the current schedule.

On this record, the Court does not find good cause to grant the extension Plaintiff seeks. Therefore, Plaintiff's Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      CHIEF UNITED STATES DISTRICT JUDGE

                                      Date: March 24, 2021