# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **FELICIA GRADY, as next friend of D.M.G., a minor child of DETRICK GRADY, deceased,** | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01153-STA-tmp |
| **MADISON COUNTY, TENNESSEE, a municipal corporation,** | ) ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Madison County, Tennessee's Motion for Summary Judgment (ECF No. 69) filed May 12, 2021. This is an action for the violation of Detrick Grady's constitutional rights pursuant to 42 U.S.C. § 1983. Mr. Grady died in 2018 after suffering injuries in the custody of the Madison County Sheriff's Department. His mother Felicia Grady sued Madison County as next friend of Mr. Grady's minor child D.M.G. Madison County now seeks judgment as a matter of law on Plaintiff's § 1983 claims against it.

On June 21, 2021, Plaintiff filed a two-page brief in response to Defendant's Motion for Summary Judgment. As part of her response, Plaintiff admitted that each of the seventy-two (72) material facts asserted by Madison County at summary judgment were undisputed, including a series of facts addressed to Madison County's training and the conclusions about Mr. Grady's death reached by the medical examiner.

Not only did Ms. Grady admit each of the material facts asserted by Madison County, Plaintiff also failed to address any of the arguments in Madison County's opening brief concerning its policies and procedures.  In fact, counsel for Plaintiff has apparently conceded the absence of any proof that Madison County policy or custom was the moving force behind the alleged violation of Detrick Grady's constitutional rights.  Instead, Plaintiff's brief addressed only the questions of fact surrounding Detrick Grady's death and the actions of individual deputy jailers employed by the Madison County Sheriff's Department.  According to the brief, a jury should be allowed to hear "Defendant's evidence" and in particular the testimony of the deputies involved in the incident.  Pl.'s Resp. in Opp'n 1 (ECF No. 77).  The individual deputy jailers, however, are not parties to the action. Madison County is the only named Defendant in the case.  In light of Plaintiff's failure to address Madison County's arguments, it did not appear that any triable issues remained as to Madison County's liability to Ms. Grady for the alleged violation of Detrick Grady's constitutional rights.

Therefore, the Court set a hearing on the Motion for Summary Judgment in order to give Plaintiff an opportunity to explain her position more fully.  The Court held the hearing on July 28, 2021, with counsel for all parties and Ms. Grady in attendance.  The Court explained to counsel its confusion about what proof Plaintiff intended to offer in support of her claims.  When the Court inquired whether it was true that Ms. Grady had no evidence to present to a jury, her attorney responded, "Your Honor, in sum, that is correct."  Mot. Hr'g Tr. 5:22-6:3 (ECF No. 86).  Counsel briefly addressed a video recording from the Madison County Jail capturing what happened to Mr. Grady during his pretrial detention and explained the significance of the video to Plaintiff's case. *Id*. at 6:14-15 ("[W]e had been hanging our hat quite a bit on what might be shown on video

evidence.").[1]  While not expressly conceding Defendant's request for judgment as a matter of law, counsel for Plaintiff acknowledged that the "video speaks for itself." *Id.* at 6:18-20.  Perhaps more important, counsel added that Plaintiff did "not have any evidence whatsoever at this point" and "no evidence to present to a jury." *Id.* at 6:13-14, 6:21-23.  The Court asked counsel again to confirm that Plaintiff had no evidence to present to a jury, and counsel responded in the affirmative. *Id.* at 8:12-20.

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When a motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on her pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

---

[1] Counsel for Plaintiff has raised the issue of being unable to access all of the contents of jump drives, including the video recordings, produced by Madison County during the course of the discovery process as grounds to deny judgment as a matter of law.  Counsel for Plaintiff made similar claims in support of Ms. Grady's request to extend the deadline for mediation.  Counsel for Plaintiff stated in an affidavit attached to Plaintiff's summary judgment brief that he had received multiple copies of the jump drive but still not been able to access video footage of the Madison County Jail, which was saved to the jump drives.  At the hearing counsel stated that he had finally accessed the video just a few days before the hearing.

The Court has thoroughly reviewed the parties' briefs, the evidence and exhibits, and the entire record of the case.  Defendant's opening brief correctly sets out the law applicable to Plaintiff's § 1983 claims and argues that based on the undisputed facts of the case, Defendant is entitled to summary judgment.  Plaintiff has admitted the truth of each of the material facts in the case and has now indicated to the Court that Plaintiff has no evidence to support her claims.  Counsel for Plaintiff stated as much on the record at the motion hearing, conceding that Plaintiff had no proof to present to a jury.  As the party with the burden of proof, Plaintiff has therefore failed to adduce any evidence from which a reasonable jury could hold Defendant liable for the alleged violation of Mr. Grady's constitutional rights.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (holding that in order to survive a well-supported motion for summary judgment, a nonmoving party must present enough proof from which a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict).  Based on Plaintiff's concession and for the reasons stated in Defendant's memorandum of law, the Court holds that Madison County is entitled to judgment as a matter of law.  Therefore, Defendant's Motion for Summary Judgment must be **GRANTED**.  The Clerk of Court is directed to enter judgment.

    **IT IS SO ORDERED.**

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date:  August 3, 2021.